# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DONNA H. KEENAN,

                Plaintiff,

v.                                            Case No. 6:17-cv-1426-Orl-40GJK

LM GENERAL INSURANCE COMPANY,

                Defendant.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT OF MOTION (Doc. No. 11)** |
| **FILED:** | **August 21, 2017** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

On or about July 7, 2017, Plaintiff filed a complaint against Defendant in the Eighteenth Judicial Circuit Court of Florida, asserting claims for uninsured motorist benefits under her auto insurance policy with Defendant and bad faith. Doc. No. 1-1 at 8-14. On August 2, 2017, Defendant filed a Notice of Removal (the "Notice") with the Court. Doc. No. 1. In the Notice, Defendant states that there is diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. Doc. 1 at ¶ 6. Plaintiff moves for remand

back to state court, arguing that Defendant did not meet its burden of demonstrating that the amount in controversy exceeds the jurisdictional requirement or that the parties are diverse (the "Motion"). Doc. No. 11.

A defendant may remove from state court to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (i.e., diversity jurisdiction). 28 U.S.C. § 1332(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). The amount in controversy must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

When the plaintiff fails to plead a specific amount of damages, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

Plaintiff does not argue that there is no diversity between her and Defendant. Instead, she argues that "there is no objectively reasonable basis for removal on the alleged amount in controversy." Doc. No. 11 at 3.

In the Complaint, Plaintiff alleges that "[t]his is an action for damages in excess of Fifteen Thousand Dollars . . . ." Doc. No. 2 at ¶ 1. But under Count I for uninsured motorist benefits, she asks for a "judgment against DEFENDANT for the full amount of the uninsured

motorist benefits under the Policy plus costs of this action, attorney's fees and prejudgment interest . . . ." *Id.* at 3. Plaintiff did not attach a copy of the insurance policy to the Complaint. Doc. No. 2. Defendant did attach a copy of the policy to the Notice of Removal, however, and a "Sworn UM Policy Disclosure Statement" stating that the limits of liability coverage for uninsured motorist are "$250,000 each person/$500,000 each accident, stacked with 2 vehicles[.]" Doc. No. 1-2 at 2.

"Where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy." *Baltazar v. Balboa Ins. Co.*, No. 8:10-CV-2932-T-33MAP, 2011 WL 2020218, at *2 (M.D. Fla. May 24, 2011) (denying motion to remand and finding that jurisdictional amount was met because the plaintiff alleged that he was entitled to an amount equal to his insurance coverage limits of $105,000 if his property was not repairable). Although Plaintiff argues that her claim for a judgment for the full policy limits is insufficient to establish the jurisdictional requirement, the plaintiffs in the cases she cites for support did not ask for the full insurance coverage amounts in the complaints. Doc. No. 11 at 7 n.4. Because Plaintiff asks for a judgment "for the full amount of the uninsured motorist benefits under the Policy," it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement. *Hudspeth v. Gov't Employees Ins. Co.*, No. 6:16-CV-1960-ORL-41KRS, 2016 WL 8221940, at *3 (M.D. Fla. Dec. 27, 2016), *report and recommendation adopted*, No. 6:16-CV-1960-ORL-41KRS, 2017 WL 495782 (M.D. Fla. Feb. 7, 2017) (denying motion to remand and finding that it was facially apparent from the complaint that the jurisdictional requirement was met when the plaintiff requested judgment for the policy

limits for her uninsured motorist benefits in the complaint and the policy limits were $400,000).

Based on the forgoing, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 11).

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on November 17, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party